UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

REID GINTER, et al.,

        Plaintiffs,                        Case No. 1:08-CV-750

v.                                            HON. GORDON J. QUIST

WHIRLPOOL CORPORATION and
WHIRLPOOL CORPORATION GROUP
BENEFIT PLAN,

        Defendants.
                                /

## OPINION

Plaintiffs filed their Class Action Complaint in this case on August 8, 2008, against Defendants, Whirlpool Corporation and Whirlpool Corporation Group Benefit Plan, alleging claims for breach of various collective bargaining agreements under the National Labor Relations Act ("NLRA"), 29 U.S.C. § 152(5), and violation of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.* Plaintiffs sought to represent a class of approximately 3000 retirees and spouses and surviving spouses of Whirlpool's plant in Newton, Iowa, which Whirlpool acquired from Maytag Corporation in 2006, and Whirlpool's Mt. Sterling, Kentucky plant. Plaintiffs alleged Whirlpool is obligated to provide lifetime health benefits under various collective bargaining agreements and that Whirlpool had improperly modified those benefits for the Mt. Sterling retirees and planned to modify benefits for the Newton retirees on January 1, 2009.

Two weeks before Plaintiffs filed the instant case, Maytag and Whirlpool filed an action in the United States District Court for the Southern District of Iowa, captioned *Maytag Corporation and Whirlpool Corporation v. United Automobile, Aerospace, and Agricultural Implement Workers*

*of America (UAW)*, *et al.*, No. 4:08-CV-291, seeking a declaration that they have the right to modify retiree health care benefits for retirees and surviving spouses of retirees of the Newton plant. Whirlpool and Maytag sued the UAW and UAW Local 997, as well as several individual Newton plant retirees as representatives of a defendant class of retirees. The claims in the Iowa lawsuit, like the claims in this case, arise under the NLRA and ERISA.

Defendants in the instant case filed a Motion to Transfer Venue Under the First-to-File Rule and 28 U.S.C. § 1404(a), requesting that this Court transfer this case to the Southern District of Iowa. At about the same time, the UAW moved the Iowa court to dismiss the Iowa lawsuit and, alternatively, to transfer venue to this Court pursuant to the first-to-file rule or § 1404(a). On October 2, 2008, this Court entered a Memorandum Order denying Defendants' motion under § 1404(a) but deferring to the Iowa court on the application of the first-to-file rule.

The Iowa court issued a decision on February 11, 2009, denying the UAW's motion. In particular, the Iowa court concluded that the first-to-file rule applied and no compelling circumstances warranted a departure from that rule. On February 12, 2009, Defendants filed a Renewed Motion to Transfer Venue Under the First-to-File Rule, requesting that this Court transfer this case to the Southern District of Iowa based upon the Iowa court's February 11, 2009 decision. Plaintiffs filed a response and Defendants filed a reply. Thereafter, Plaintiffs filed a supplemental brief advising the Court that the UAW had filed a Motion for Reconsideration in the Iowa lawsuit requesting the Iowa court to reconsider its decision.

On June 26, 2009, Defendants filed a supplemental brief attaching a copy of the Iowa court's June 24, 2009, Order denying the UAW's motion for reconsideration.

The first-to-file rule embodies the well-established principle that "[i]n all cases of concurrent jurisdiction, the Court which first has possession of the subject must decide it." *Smith v. M'Iver*, 9

Wheat. 532, 22 U.S. 532, 535 (1824). This rule is a "well-established doctrine that encourages comity among federal courts of equal rank." *AmSouth Bank v. Dale*, 386 F.3d 763, 791 n.8 (6th Cir. 2004) (quoting *Zide Sport Shop of Ohio v. Ed Tobergte Assoc., Inc.*, 16 F. App'x 433, 437 (6th Cir. 2001)) (emphasis altered). As the Fifth Circuit has stated, "[c]ourts use this rule to maximize judicial economy and minimize embarrassing inconsistencies by prophylactically refusing to hear a case raising issues that might substantially duplicate those raised by a case *pending* in another court." *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 604 (5th Cir. 1999).

Pursuant to its October 2, 2008, Memorandum Order, this Court deferred to the Iowa court's application of the first-to-file rule. The Iowa court fully considered the first-to-file rule in its February 11, 2009, Order. That court concluded that the rule applied and found no compelling circumstances to the contrary. The Iowa court also considered the UAW's arguments, some of which Plaintiffs echo in response to Defendants' renewed motion here, including that the proposed class members in the Iowa lawsuit have not consented to the UAW's representation in that case.

In light of the Iowa court's rulings, as well as the policies of judicial economy and avoiding inconsistent judgments, this Court concludes that the first-to-file rule requires that this case be transferred to the Southern District of Iowa. While the issues and parties in the two actions are not identical, that is not a requirement of the first-to-file rule. *SPEC Int'l, Inc. v. Patent Rights Prot. Group, LLC*, No. 1:08-CV-662, 2009 WL 736826, at *3 (W.D. Mich. Jan. 9, 2009). All that is required is similarity or substantial overlap, *Apex, LLC v. 24 Hour Fitness USA, Inc.*, No. C.A. 08-169ML, 2008 W.L. 4158915, at *3 (D.R.I. Sept. 9, 2008) (citing *Supervalu Inc. v. Executive Dev. Sys., Inc.*, No. CV-06-329-S-S-BLW, 2007 WL 129039 (D. Idaho Jan. 12, 2007)), which is present in this case. The Court will thus grant Defendants' renewed motion to transfer.

An Order consistent with this Opinion will be entered.

3

Dated:  July 1, 2009                                                                      /s/ Gordon J. Quist
                                                                                                                                       GORDON J. QUIST
                                                                                                                                  UNITED STATES DISTRICT JUDGE